# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRAD A. REESE ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | COMPLAINT AND |
| ) | JURY DEMAND |
| ROYAL AUDIO/VIDEO SUPPLY CO., ) | |
| LORI GERVAIS, and DOE 1, ) | COLLECTIVE ACTION |
| ) | |
|     Defendants. ) | |

    The Fair Labor Standards Act ("FLSA") requires payment of overtime for hours worked after forty in a workweek. Defendants pay overtime only for working more than ten hours in a single day. This pay scheme facially violates federal law. Plaintiff Brad A. Reese brings this action on behalf of himself and other similarly situated workers to recover their unpaid overtime premiums and liquidated damages.

## THE PARTIES

    1. Brad A. Reese is an individual of the full age of majority, and a resident and domiciliary of the State of Louisiana, Parish of Jefferson.

    2. Royal Audio/Video Supply Co. is a corporation organized under the laws of the State of Louisiana and with its principal office address located in the State of Louisiana, Parish of Jefferson.

    3. Royal Audio/Video Supply Co. does business under the registered trade name of "Royal Productions." For convenience, the company is referred to as "Royal Productions" throughout this Complaint.

    4. Lori Gervais is the President and Secretary of Royal Productions. She is an

individual of the full age of majority and a resident of Jefferson Parish, Louisiana.

5. Randy G. Gervais, Mrs. Gervais's husband, is the former president of Royal Productions. He passed away in or around May 2019. He is still listed as registered agent for Royal Productions.

6. The name of the succession representative of Mr. Gervais is unknown. He or she is therefore named herein as Doe 1. Plaintiff reserves the right to move to amend to name the proper party upon the taking of appropriate discovery.

7. During the relevant time periods, both Mr. and Mrs. Gervais exercised personal control over the pay practices and policies of Royal Productions as alleged here.

8. Both Mr. and Mrs. Gervais qualify as "employers" pursuant to 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

9. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Defendants are domiciled in this District, regularly transact business within this District, and are subject to personal jurisdiction here.

11. A substantial part of the claims or omissions alleged herein took place in this District.

12. Defendants are regularly engaged in commerce pursuant to 29 U.S.C. § 203(s).

13. Royal Production's annual volume of sales made and business done exceeded $500,000 at all relevant times.

14. Defendants' employees are engaged in commerce, or are engaged in handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce.

//

## FACTUAL ALLEGATIONS

15. Plaintiff Brad A. Reese has performed audiovisual work for Royal Productions for many years.

16. Royal Productions assigns Reese to perform audiovisual work at venues throughout the New Orleans area, particularly at downtown hotels. He provides audiovisual services for corporate meetings, conventions, and other events.

17. Reese has always been an employee of Royal Productions, and not an independent contractor.

18. In 2015, however, Defendants approached Reese and requested that he form a limited liability company ("LLC") so that they could begin misclassifying him as if he were an independent contractor.

19. Reese initially resisted forming an LLC.

20. However, Defendants told Reese that his employment would be terminated unless he formed an LLC.

21. Plaintiff therefore formed a LLC, on paper, appropriately called "One Man Gang LLC."

22. One Man Gang LLC had, and has, no assets, no business location, no employees, no logo, no website, no telephone number, no business cards, no uniforms or t-shirts, and no audiovisual equipment.

23. In reality, "One Man Gang LLC" is simply Brad A. Reese. Reese is One Man Gang LLC's sole member, sole officer, and its registered agent. The LLC's registered "office" is Reese's home address.

24. One Man Gang LLC never performed any work for any entity other than Royal Productions.

25. Defendants required plaintiff to form this LLC as a sham, solely so that they could misclassify him as a "contractor" and refuse to pay overtime in accordance with the FLSA. This reflects a willful and purposeful intent to violate the overtime provisions of the FLSA.

26. As a matter of economic reality, Plaintiff is, and always has been, an employee of Defendants.

27. After forming the One Man Gang LLC, Plaintiff's job duties and responsibilities did not change in any way.

28. At all relevant times, Plaintiff filled out weekly timesheets provided by Defendants, which were misnamed as "Contractor Invoices."

29. Plaintiff regularly worked more than forty hours in a week. Defendants did not pay overtime premium for hours worked after forty in a workweek. Instead, they only paid overtime premiums for instances on which Plaintiff worked than ten hours in a single day.

30. Other similarly situated employees were similarly not paid overtime premiums unless they worked more than ten hours in a single day.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – OVERTIME

## ON BEHALF OF NAMED PLAINTIFF AND THE COLLECTIVE

31. Plaintiff hereby realleges and reincorporates all prior paragraphs as if fully set forth herein.

32. The FLSA requires employers to pay nonexempt employees an overtime premium at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

33. Defendants have not paid Plaintiff, or the members of the collective, overtime premiums as required by law.

34. Although Defendants classified Plaintiff as a "contractor," the economic reality reflects that Plaintiff operated as Defendants' employee.

35. Plaintiff hereby seeks certification of a collective pursuant to 29 U.S.C. § 216(b), consisting of:

> All individuals who worked for Royal Audio/Video Supply Co., d/b/a Royal Productions, on an hourly basis, within the three years prior to the filing of this Complaint and who were not paid overtime premiums consisting of one and a half times their regular rate under the FLSA for hours worked past forty in a workweek.

36. Defendants' nonpayment of overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

37. Plaintiff, and the members of the collective, have therefore been damaged in an amount to be proven at trial.

38. Plaintiff hereby requests trial by jury on all counts so triable.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

    a.    For certification of this action as a collective;

    b.    For an award of all unpaid wages and overtime according to proof;

    c.    For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    d.    For an award of reasonable attorney's fees;

    e.    For costs of suit;

    f    For injunctive, declaratory, and equitable relief as provided by law;

    g.    For an award of compensatory and other general damages to be proven at trial;

    h.    For pre and post-judgment interest as appropriate; and

      i.      For such other and further relief as may be just and proper.

                Respectfully Submitted,

                _____*/s Charles J. Stiegler*_____
                Charles J. Stiegler, #33456 (TA)
                STIEGLER LAW FIRM LLC
                318 Harrison Ave., Suite 104
                New Orleans, La. 70124
                (504) 267-0777 (telephone)
                (504) 513-3084 (fax)
                Charles@StieglerLawFirm.com